**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ELLERY CARTER, SID #681667,** § | |
| § | |
| **Petitioner,** § | |
| § | **SA-23-CV-01224-JKP** |
| **v.** § | |
| § | |
| **BEXAR COUNTY SHERIFF** § | |
| **JAVIER SALAZAR,** § | |
| § | |
| **Respondent.** § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Ellery Carter's ("Carter") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). Also pending is Carter's motion to proceed *in forma pauperis* ("IFP"). Upon review, Carter's motion to proceed IFP (ECF No. 2) is **GRANTED** and his § 2241 Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### DISCUSSION

Bexar County court records show Carter has been indicted for possession of a controlled substance. Carter's criminal proceedings are ongoing; he has been found incompetent and transferred from the Bexar County Adult Detention Center ("BCADC") to the San Antonio State Hospital ("SASH"). While confined, Carter filed this § 2241 Petition. (ECF No. 1). Carter is contesting the legality of his detention. (ECF No. 1). Maintaining he has been denied due process and the right to a speedy trial, Carter seeks his release from custody. (*Id.*).

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To

warrant habeas relief under § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489– 91 (1973). Although exhaustion of state remedies is statutorily mandated only for post–trial habeas claims under 28 U.S.C. § 2254(b), well–established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre–trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Although Carter seeks release from custody, the Court finds he is not entitled to such relief. (ECF No. 1). As set out above, Bexar County records show Carter's state court criminal proceeding is ongoing; he has been found incompetent and is currently detained in the state hospital. Carter has filed numerous *pro se* writs, motions to dismiss, and requests for release in the state trial court, there is nothing either in the Bexar County records or Carter's Petition to indicate whether his writs or motions have been ruled on. Searches of the websites for the Fourth Court of Appeals and the Texas Court of Criminal Appeals show no relevant filings by Carter. Thus, the Court finds Carter has not demonstrated he has exhausted his available state court remedies as required prior to seeking relief by way of a § 2241 habeas petition. *See Braden*, 410 U.S. at 489– 91.

Moreover, Carter has not shown that trial or existing state procedures—including pretrial habeas review, direct appeal, and post–trial state habeas review—are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go

forward here. *See id.*

Additionally, to the extent Carter seeks his immediate release from detainment, his claims are subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

### CERTIFICATE OF APPEALABILITY

Given Petitioner's failure to exhaust his state court remedies, the court concludes he has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this

court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DENIES** a certificate of appealability. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (requiring state pre-trial detainee challenging criminal charges pending against him to obtain a certificate of appealability following district court's denial of petition under 28 U.S.C. § 2241).

## CONCLUSION

Because Carter has not exhausted his state court remedies and all prerequisites for abstention under *Younger* are met, the Court finds his § 2241 Petition is subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Carter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** premised on failure to exhaust and the *Younger* abstention doctrine.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 3rd day of October, 2023.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE